J-S04017-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THEODORE RIDGEWAY | : | |
| | : | |
| Appellant | : | No. 2976 EDA 2022 |

Appeal from the PCRA Order Entered October 17, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0406791-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THEODORE RIDGEWAY | : | |
| | : | |
| Appellant | : | No. 2977 EDA 2022 |

Appeal from the PCRA Order Entered October 17, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0407611-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THEODORE RIDGEWAY | : | |
| | : | |
| Appellant | : | No. 2978 EDA 2022 |

Appeal from the PCRA Order Entered October 17, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0407671-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

.
:
       v.                     :
:
:
THEODORE RIDGEWAY            :
:
         Appellant      :    No. 2979 EDA 2022

Appeal from the PCRA Order Entered October 17, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0512841-2002

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:         PENNSYLVANIA
:
       v.                     :
:
:
THEODORE RIDGEWAY            :
:
         Appellant      :    No. 2980 EDA 2022

Appeal from the PCRA Order Entered October 17, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0801481-2002

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:         PENNSYLVANIA
:
       v.                     :
:
:
THEODORE RIDGEWAY            :
:
         Appellant      :    No. 2981 EDA 2022

Appeal from the PCRA Order Entered October 17, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0206861-2003

BEFORE:  BOWES, J., STABILE, J., and LANE, J.

MEMORANDUM BY STABILE, J.:              **FILED MAY 7, 2024**

In these consolidated appeals, Appellant, Theodore Ridgeway, appeals from the October 17, 2022 orders of the Court of Common Pleas of Philadelphia County,[1] which dismissed as untimely his petition for collateral relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

Following Appellant's involvement in a 2002 armed robbery spree that lasted several months, a jury convicted him of numerous counts of various offenses, including robbery, conspiracy, possessing an instrument of crime, and carrying a firearm without a license. Appellant was sentenced on March 17, 2004, to an aggregate term of 115½ to 231 years' incarceration. On August 24, 2005, this Court affirmed Appellant's judgment of sentence and our Supreme Court denied his subsequent petition for allowance of appeal on April 4, 2006. *Commonwealth v. Ridgeway*, 885 A.2d 584 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, 895 A.2d 1260 (Pa. 2006).

> Between 2007 and 2018, Appellant filed two PCRA petitions without success. On June 7, 2017, Appellant filed an application

---

[1] In *Commonwealth v. Johnson*, 236 A.3d 1141, 1148 (Pa. Super. 2018), this Court held that even though the appellant filed multiple notices of appeal, each listing multiple lower court docket numbers, the appeals should not be quashed because the appellant filed an appropriate number of appeals. *Id.* at 1148. The *Johnson* Court was also persuaded by the fact that the appellant had italicized only one trial court docket number in each notice of appeal, noting that this made it clear that the clerk of courts did not play a role in typing separate notices of appeal. *Id.*

Here, Appellant filed the correct number of notices of appeal, each with a check mark next to only one trial court docket number. Accordingly, we decline to quash his appeals. *Id.*

for *habeas corpus* alleging ineffective assistance of counsel. See PCRA Petition, 6/7/17, ¶ 11. Treating the application as a PCRA petition, the PCRA court appointed counsel, who filed a no-merit letter on June 27, 2018. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). After appropriate notice, the PCRA court dismissed the petition on September 10, 2018. PCRA Court Order, 9/10/18.

In December 2018, Appellant filed a petition for leave to file a *nunc pro tunc* appeal of the PCRA court's September 10, 2018 order. Petition, 12/17/18. The docket next shows that Appellant filed an amended petition on June 10, 2019, followed by the entry of an order on August 12, 2019, granting Appellant leave to file a *nunc pro tunc* appeal. However, there is no order dated August 12, 2019 in the certified record, and Appellant did not file *a nunc pro tunc* appeal.

**Commonwealth v. Ridgeway**, 2022 WL 369669, at *1 (Pa. Super. February 8, 2022).

Appellant filed the instant PCRA petition on April 27, 2020, which the PCRA court denied on May 10, 2021. On appeal, we found that the PCRA court failed to comply with the dictates of Pa.R.Crim.P. 907. Accordingly, we remanded the matter to the PCRA court on February 8, 2022. **Id.**

On June 27, 2022, the PCRA court issued a Rule 907 Notice. After obtaining an extension to file a response, Appellant filed his response on September 6, 2022. The PCRA court formally dismissed Appellant's petition as untimely on November 17, 2022. This appeal followed.[2]

---

[2] In the instant appeal, Appellant raises multiple ineffective assistance of counsel claims, involving trial counsel, direct appeal counsel, and prior PCRA counsel. **See** Appellant's Brief at 8, 18.

- 4 -

When reviewing the propriety of an order pertaining to PCRA relief,

we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However, we afford no such deference to the post-conviction court's legal conclusions. We thus apply a *de novo* standard of review to the PCRA [c]ourt's legal conclusions.

*Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa. Super. 2018), *appeal denied*, 87 A.3d 318 (Pa. 2014) (internal citations and quotation marks omitted).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless, as discussed below, an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa.

2008). If it is not timely, we cannot address the substantive claims raised in the petition. *Id.*

It is undisputed that Appellant's judgment of sentence became final on July 3, 2006, at the expiration of the 90-day time-period for seeking review with the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States).

Appellant then had one year to file a timely PCRA petition, *i.e.*, until July 3, 2007. *See* 42 Pa.C.S.A. § 9545(b)(1). The underlying petition, which he filed on April 27, 2020, is, therefore, facially untimely.

A facially untimely petition may be addressed where any of the PCRA's three limited exceptions to the time for filing the petition are met. *See*, *e.g.*, *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). These exceptions include: (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States; (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the

exercise of due diligence; or (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii). As our Supreme Court has repeatedly stated, the petitioner maintains the burden of pleading and proving that one of these exceptions applies. *See*, *e.g.*, *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016).

In the instant PCRA petition Appellant raises multiple claims of ineffective assistance of trial counsel. While Appellant filed a 44-page brief before us discussing at length the merits of the case, nowhere does Appellant addresses any of the statutory exceptions to the PCRA time-bar.

On page 23, however, there is one paragraph where Appellant mentions *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021). In Appellant's view, *Bradley* provides Appellant an "opening" to challenge the effectiveness of all previous (trial, appeal, and PCRA) counsel. We disagree.

Reliance on *Bradley* for purposes of overcoming the untimeliness of the underlying PCRA petition is misplaced. In *Bradley*, our Supreme Court extended the opportunity for a PCRA petitioner to raise claims of PCRA counsel's ineffectiveness. Previously, "the sole method by which a petitioner c[ould] challenge the ineffectiveness of his PCRA counsel [wa]s through the filing of a response to the PCRA court's Rule 907 dismissal notice." *Bradley*,

- 7 -

261 A.3d at 386. The **Bradley** Court abandoned that approach, holding "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Id.** at 401.

**Bradley**, however, did not announce a new constitutional right, much less one applicable retroactively. **See**, **e.g.**, **Commonwealth v. Johnson**, 2023 WL 2379233 (Pa. Super. 2023) (unpublished memorandum) (noting "[a]lthough [**Bradley**] did not specifically address the timeliness exception upon which [a]ppellant relies, it is clear **Bradley** did not recognize a new constitutional right," **id.** at *4); **Commonwealth v. Dixon**, 2022 WL 17973240 (Pa. Super. 2022) (unpublished memorandum) (holding **Bradley** does not trigger the timeliness exception of Section 9545(b)(1)(iii)) **Commonwealth v. Parkinson**, 2022 WL 5237927 (Pa. Super. 2022) (holding "**Bradley** did not create a new, non-statutory exception to the PCRA time bar," **id.** at *3).

Furthermore, this Court has continually declined to extend the holding of **Bradley** to cases involving untimely petitions, like the instant one. **See**, **e.g.**, **Commonwealth v. Stahl**, 292 A.3d 1130 (Pa. Super. 2023) (concluding that "[n]othing in **Bradley** creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel," **id.** at 1136); **Commonwealth v. Mead**, 2022 WL 984604 (Pa. Super. 2022) (unpublished memorandum), *appeal denied*, 284 A.3d 1182

- 8 -

(Pa. 2022) (emphasizing that **Bradley** involved a timely first PCRA petition and did not apply to appellant's appeal from an order denying his untimely petition); **Commonwealth v. Morton**, 2023 WL 118686 (Pa. Super. 2023) (unpublished memorandum) (holding that appellant's reliance on **Bradley** does not afford relief in his appeal from the denial of his untimely second PCRA petition); **Commonwealth v. Gurdine**, 2022 WL 576155 (Pa. Super. 2022) (same).[3]

Because Appellant has not shown that any statutory exception to the PCRA's one-year time limit applies to the facially untimely claims of ineffective assistance of PCRA counsel raised in his 2020 PCRA petition and considering that **Bradley** does not provide an exception to the PCRA's time bar, the PCRA court correctly held that Appellant's 2020 PCRA petition was untimely. We therefore affirm the trial court's dismissal of that 2020 PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/7/2024

---

[3] **See** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).